IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JENNIFER A. REIDEL,

|                          |                              |
|--------------------------|------------------------------|
| Plaintiff,               | OPINION AND ORDER            |
| v.                       |                              |
|                          | 16-cv-607-wmc                |
| UNITED STATES OF AMERICA,|                              |
| Defendant.               |                              |

---

Jennifer Reidel brings this lawsuit against the United States of America for negligence under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, *et seq.* In response, the government moves for dismissal of plaintiff's claims as time-barred. (Dkt. #5.) Ironically, since all of the traditional notions of equity would strongly support allowing plaintiff to proceed, the court must convert the defendant's motion to one for summary judgment in light of plaintiff's response, then deny her claim to so-called "equitable tolling" of the applicable statute of limitation barring her negligence claim against defendant under the FTCA.

BACKGROUND

On April 2, 2013, Jennifer Reidel was injured after slipping and falling while trying to avoid ice and snow that the U.S. Post Office in Elk Mound, Wisconsin, was allegedly negligent in failing to clear directly next to her handicap parking space. (Compl. (dkt. #1) ¶ 5.) As required by 28 U.S.C. § 2675, plaintiff filed a written administrative claim with the United States Postal Service, and her attorney was mailed a written denial on March 8, 2016. (*Id.* at ¶ 3; Def.'s Mot. to Dismiss, Ex. B (dkt. #5-2).)

The parties agree that this denial started the 180 day statute of limitations for her FTCA claims, meaning the hard deadline to file a lawsuit was September 8, 2016. 28 U.S.C. § 2401(b); 28 C.F.R. § 14.9(a).

While plaintiff's federal complaint is *dated* September 2, 2016, six days before the deadline, the court's CM/ECF docketing system reflects that it was not electronically *filed* until September 14, 2016, six days after the deadline. By way of explanation for this discrepancy, plaintiff offers the affidavit from Mandy Sachs, a paralegal employed by her counsel's law firm, in which she states that on September 2, 2016, she sent an email, from counsel's email address, with the Civil Cover Sheet and New Case Party Information Sheet to receive a case number from our clerk's office, then she "immediately logged onto the ECF website, worked through each ECF screen, paid the $400 filing fee through pay.gov and logged out of the ECF website, believing that the Complaint had been filed." (Pl.'s Opp'n Br. (dkt. #7) 1-2 (citing Sachs Aff. (dkt. #8) ¶¶ 2-3).)

Unfortunately, as Sachs explains in her affidavit, plaintiff's counsel received a call from this court's clerk's office on the afternoon of September 13, 2016, advising that a shell case had been opened on September 2nd, but that no complaint had been filed. (Sachs Aff. (dkt. #8) ¶ 4.) Sachs returned that call the following morning and spoke with a deputy clerk, who suggested Sachs email the transaction sheet and case number "so [that] she could look into it." (*Id.* at ¶ 5.) According to Sachs, she "received a call back saying that the Complaint was not technically filed but they could not tell if the problem was on their end or ours." (*Id.* at ¶ 6.) Sachs also reports being instructed to file

the complaint using the receipt number from the transaction on September 2, 2016, which she did.  (*Id.*)

OPINION

As an initial matter, defendant's original motion to dismiss the complaint as time barred would be well taken if the court were only to consider the pleadings and court records, since merely paying the filing fee and obtaining a receipt is not enough to show that the complaint was actually filed.  *See Perparos v. United Indus. Corp.*, No. CV-13-01786-PHX-SPL, 2015 WL 11117075, at *4 (D. Ariz. Sep. 10, 2015) ("[T]he proof of payment [of the filing fee] is not probative as to whether the complaint was transmitted to the Clerk's office; payment of the filing fee precedes the requisite steps for electronically transmitting the complaint."); *see also infra* n.1.  To establish that her complaint was filed timely, therefore, plaintiff relies on Sachs' affidavit, and as defendant correctly points out in its reply brief, the court must convert its motion to dismiss into one for summary judgment before even *considering* Sachs' responsive affidavit, which the court finds appropriate in light of the narrow issue of timeliness presented here.  *See Fredrick v. Simmons Airlines, Inc.*, 144 F.3d 500, 504 (7th Cir. 1998) ("Affidavits are not properly considered in deciding upon a motion under Rule 12(b)(6) unless the district court converts the motion into one for summary judgment under Rule 56.").

Essentially, plaintiff argues that dismissal of her claims would be premature because it is at least plausible that she *did* file the complaint timely, but that an unexpected "glitch" in the court's electronic filing system prevented both its docketing

3

and any corresponding error notification.  In reply, defendant submits its own affidavit with an attached exhibit, showing that a number of electronic filings were made by both the court and other attorneys throughout the day on September 2, 2016.  (Dkt. #11-1.) More importantly, while it cannot completely preclude the possibility, the court's own inquiries have been unable to identify any instance where a "glitch" in filing has occurred before or after this event.  Unfortunately for plaintiff, the implausibility mounts further given that the CM/ECF system has a distinct, orderly twelve-step protocol for opening a new case, including uploading documents, making payment, *and* affirmatively confirming filing as a final step.[1]  Consistent with a copy of the receipt of payment submitted by Sachs (dkt. #8-4), one of the court's deputy clerk and IT professional explained that the electronic records show plaintiff completed step nine by paying the filing fee at 12:18 p.m. on September 2, 2016, and that plaintiff's documents were on the court's server as temporary records briefly, but that rather than those temporary records being downloaded, they were deleted when the electronic filing process was ended before completion, hence there exists no docket entry or Notice of Electronic Filing ("NEF") for the complaint until September 14, 2016.   Indeed had Sachs reached it at all, the final

---

[1] Specifically, as confirmed by a deputy clerk and one of the court's IT professionals who were asked to replicate the steps for electronically filing a complaint in a new case, there are up to twelve steps involved, each represented by a different computer screen:  (1) select a docketing event; (2) enter the case number; (3) select the filer; (4) select the opposing party or parties; (5) upload the complaint, civil cover sheet and summons, at which point the documents are checked for validity and placed in a temporary folder on the court's server with a random filename, but not yet linked to a case; (6) answer whether the plaintiff is proceeding *in forma pauperis*; (7) enter a receipt number, or click "Next" to proceed to electronic payment; (8) if electronic payment must be made, wait for the web browser to relocate to pay.gov; (9) enter payment information on pay.gov; (10) answer whether filing is being made under seal; (11) review and edit the text to be displayed on the docket sheet; and (12) finally, click "Next" to "commit[] th[e] transaction."

screen step would have included a computer prompting her to click "Next" to file the complaint, appearing something like this:



While the court is certainly willing to credit the hearsay statements of the deputy clerk with whom Sachs reported speaking regarding the *possibility* that there was a problem with the electronic filing system, plaintiff can offer only speculation that Sachs *actually filed* the complaint on September 2, 2016, before the statute of limitations ran. *See Packman v. Chi. Tribune Co.*, 267 F.3d 628, 637 (7th Cir. 2001) (plaintiff "will not prevail by relying on a mere scintilla of evidence or speculation to support her position"). Accordingly, it is a near certainty that the paralegal either failed to reach the final screen or failed to click "Next" on the final screen to commit to filing the complaint.

Although her complaint was, therefore, filed late, plaintiff argues that the court should nevertheless apply the equitable tolling doctrine and deem it timely. *See United States v. Kwai Fun Wong*, 575 U.S. ___, 135 S. Ct. 1625, 1638 (2015) (FTCA statute of limitations is not jurisdictional, and equitable tolling is permitted).

Would that I could. Unfortunately, the flexibility suggested by the doctrine's sounding in equity is belied by its application. To begin, the Supreme Court removes any traditional balancing of the equities by permitting a court to pause a running statute of limitations period only "when a party has pursued [her] rights diligently but some extraordinary circumstance prevents [her] from meeting a deadline." *Id.* at 1630-31 (internal quotation marks and citation omitted). In addition, the "Supreme Court recently reiterated that [the extraordinary circumstances] element is met 'only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond [her] control.'" *Carpenter v. Douma*, 840 F.3d 867, 872 (7th Cir. 2016) (quoting *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. ___, 136 S. Ct. 750, 756 (2016) (emphasis in original)). If that were not restriction enough, the Supreme Court also cautions that the equitable tolling doctrine is to be applied "sparingly." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002); *see also Obriecht v. Foster*, 727 F.3d 744, 748 (7th Cir. 2013) ("Equitable tolling is an extraordinary remedy and so is rarely granted.") (internal quotation marks and citation omitted). Finally, *plaintiff* bears the burden of establishing the equitable tolling elements. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

Applying the doctrine here, the court readily finds that plaintiff and her counsel dotted all the i's and crossed the t's throughout the administrative process, as required by

the FTCA. While plaintiff might be criticized for waiting until the last week of the deadline to file her federal complaint, the court is willing to attribute this delay to ongoing efforts to reach a settlement, hesitation in proceeding or the product of procrastination. Failing to *confirm* that the filing went through after waiting until the last week is a greater problem for plaintiff, and particularly plaintiff's counsel, especially if you consider that the CM/ECF gives affirmative notice of actual filing via email to everyone on the list for that case, including not just the paralegal who was given the task of filing, but also plaintiff's counsel of record.[2]

The court would still be willing to excuse plaintiff and her counsel as a matter of equity based on the failure to recognize that notice of a "shell case" being opened is not the same as notice of filing, except that they needed to serve a summons "signed by the clerk" and "bear[ing] the court's seal," Fed. R. Civ. P. 4(a)(1)(F) & (G), something that is provided electronically immediately after filing, as it was here on September 14, 2016. (Dkt. #2.) *See* W.D. Wis., Electronic Filing Procedures, I, IV.A, available at http://www.wiwd.uscourts.gov/electronic-filing-procedures (court procedures describing NEF as the confirmation of electronic filing and stating that a summons is issued

---

[2] The court's "sent mail" electronic records show that Attorney Parson received the following notice of a case file being opened on September 2, 2016, with paralegal Sachs cc'd.

| From: | WIWDdb_newcases/WIWD/07/USCOURTS |
| To: | "Robert A. Parsons" <Robert@byegoff.com> |
| Cc: | Mandy Sachs <mandy@byegoff.com> |
| Date: | 09/02/2016 12:05 PM |
| Subject: | Re: Civil Case Opening Information |
| Sent by: | Lynn Kamke |

A shell case has been opened and assigned number 16-cv-607. Thank you.

The record does *not* show a follow up email to either confirming the filing of the complaint on that day.

electronically and returned to the filing user once a complaint has been filed); *see also Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 406 n.1 (4th Cir. 2010) ("Whenever a document is filed, the CM/ECF system automatically generates a NEF."). Even assuming that plaintiff had tactical reasons for not accomplishing *actual* service before passage of the applicable statute of limitations, there is *no* reason for failing to insure she had the signed and sealed summons from the court.

Plaintiff's claim that her failure to recognize the filing had not been accomplished, even if accepted, bleeds into the second (and here, even tougher) hurdle for equitable tolling: "some extraordinary circumstance" that prevented timely filing. For reasons already set forth above, the court's electronic records make such speculation wholly implausible.

The two cases plaintiff cites in which district courts applied equitable tolling to deem a late, electronically-filed complaint timely are easily distinguishable. In *McCracken v. Astrue*, No. 8:12-CV-0193 (MAD/CFH), 2013 WL 371672 (N.D.N.Y. Jan. 29, 2013), a district judge adopted the recommendation of a magistrate judge to apply equitable tolling to a late-filed action to review an adverse decision on plaintiff's application for social security disability benefits. The district court found that *each* individual action by her counsel -- filing the complaint traditionally, after neglecting to review the court's local rules requiring electronic filing; failing to address the envelope properly, causing it to be returned; and then further delaying the required complaint electronic filing due to his failure to stay current with federal bar dues -- "represent[ed] the type of garden variety attorney negligence that would be deemed insufficient to establish extraordinary

circumstances," but found that they "represent[ed] the type of incompetence capable of being categorized as extraordinary" when taken in combination. *Id.* at \*4.

In contrast, plaintiff Reidel's counsel engaged in no such egregious permutation of errors. Instead, the paralegal filing plaintiff's complaint merely failed to advance through to the final screens to confirm filing of the complaint, and neither plaintiff's counsel nor plaintiff made any effort to ascertain whether the complaint was *actually* filed until counsel received a call from the clerk's office several days after the statute of limitations period had already run.

As for the other case plaintiff cites, *Ocasio v. Colvin*, Civil Action No. 3:14-cv-1096 (GLS/ATB), 2015 WL 3447643 (N.D.N.Y. May 28, 2015), which is much closer on its facts, the district court applied equitable tolling when a paralegal mistakenly believed that she had accomplished electronic filing of a complaint. As defendant points out, however, that court relied on the principle that "[w]hile equitable tolling is generally warranted only in rare and exceptional circumstances, it is not infrequently appropriate in cases involving social security benefits because Congress intended to be unusually protective of claimants in this area." *Id.* at \*2 (internal quotation marks omitted) (quoting *Liranzo v. Astrue*, No. 07-CV-5074 (CBA), 2010 WL 626791, at \*3 (E.D.N.Y. Feb. 23, 2010)). There would appear no comparable policy for slip and fall cases like that here.

At bottom then, plaintiff has not proven the level of "extraordinary circumstances" warranting equitable tolling, but rather "a garden variety claim of excusable neglect" akin to a "simple legal mistake," like miscalculating a filing deadline, which is insufficient as a

matter of law to qualify as "extraordinary."[3]  *Griffith v. Rednour*, 614 F.3d 328, 331 (7th

Cir. 2010) (citing *Holland v. Florida*, 560 U.S. 631, 651-52 (2010)); *see also Obriecht*, 727

F.3d at 749 (extraordinary circumstances for equitable tolling may include "attorney

misconduct . . . such as when the attorney violates fundamental canons of professional

responsibility by failing to communicate with his client and failing to perform necessary

research," but not an attorney's "misunderstanding of the rules governing the AEDPA

deadline") (internal quotation marks and brackets omitted) (citing *Holland*, 560 U.S. at

651); *Perry v. Accurate Staffing Consultants, Inc.*, Civil No. 3:10-cv-201-FDW-DCK, 2010

WL 2650881, at *4-5 (W.D.N.C. June 30, 2010) (equitable tolling not appropriate when

counsel "performed enough steps to receive an assigned docket number and to pay the

filing fee, but no complaint was filed"); *Deluzio v. Family Guidance Ctr. of Warren Cty.*,

Civil Action No. 06-6220 (FLW), 2007 WL 2990621, at *4 (D.N.J. Oct. 10, 2007) ("the

hardship that [counsel] encountered [in electronically filing the complaint], due to a lack

of experience, certainly does not amount to 'extraordinary circumstance[s],'" but rather

"a garden variety of mistake and neglect, a reason not deserving of equitable tolling").

In fairness, there is *some* room under Seventh Circuit case law to find as a matter

of fact that a complaint *was* effectively filed despite not completing the electronic filing

process on CM/ECF, unfortunately neither appears particularly helpful to plaintiff here.

*See Farley v. Koepp*, 788 F.3d 681, 685 (7th Cir. 2015) (holding that counsel filed the

---

[3] Similarly, counsel's emailing of the cover and party information sheets to the clerk, but failure to file the actual complaint timely does not excuse an attorney's failure to take all appropriate steps to file a case under Federal Rule of Civil Procedure 5(d)(4).  *See Stark v. Right Mgmt. Consultants*, 247 F. App'x 855, 856 (8th Cir. 2007) ("We are aware of no case in this circuit that holds that timeliness is a matter of form contemplated by the Federal Rules of Civil Procedure[.]").

complaint properly by emailing it to the clerk, even though he failed to upload it to CM/ECF "to complete the filing process," in accordance with the local rules, until after the statute of limitations expired); *Farzana K. v. Ind. Dept. of Educ.*, 473 F.3d 703, 706-07 (7th Cir. 2007) (holding that complaint rejected by the electronic filing system because counsel used the wrong docket number was tendered to the clerk timely because a human clerk would have simply "crossed out the old docket number, stamped a new one, and filed the document"). In *Farley*, a copy of the complaint had at least been emailed to the clerk, and even in *Farzana*, the Seventh Circuit excused counsel's use of the wrong docket number because *CM/ECF* failed to correct the error as a human clerk would have. Plus, *Farzana* is now a decade old, when electronic filing was still relatively new, if not "extraordinary."[4]

Finally, although sympathetic to the unfairness surrounding dismissal of plaintiff's case through *no* fault of her own, that is also of no import here, since generally the garden variety missteps of plaintiff's counsel (or even more removed, a paralegal employed by counsel's law firm) are attributable to plaintiff. *See Pioneer Inv. Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 396 (1993) (recognizing the principle that in various contexts, "clients must be held accountable for the acts and omissions of their

---

[4] The only recent decisions that this court could find supporting the kind of leniency necessary here both come from the Western District of Pennsylvania, under a circuit standard more lenient than the Seventh Circuit's. *See Gilliam v. Verizon Pa., Inc.*, Civil Action No. 13-1557, 2014 WL 901296, at *7 (W.D. Pa. Mar. 21, 2014) (finding equitable tolling appropriate when "the Court charged a $400.000 filing fee and generated a payment receipt [on the filing deadline] but did not accept the Complaint, without displaying any indication that this had occurred"); *Hansen v. Astrue*, Civil Action No. 11-1212, 2012 WL 1551887, at *4 (W.D. Pa. Apr. 30, 2012) ("The [equitable tolling] language employed by *our Court of Appeals* would seem to embrace the present situation, in which [the plaintiff] has timely asserted his rights in the correct forum by improperly forwarding (or allegedly attempting to forward) the relevant documents to the ECF computer database.") (emphasis added).

attorneys"); *Arteaga v. United States*, 711 F.3d 828, 835 (7th Cir. 2013) (attributing to

plaintiff her counsel's erroneous representation as to the length of the statute of

limitations); *see United States v. Davis*, 645 F. Supp. 2d 541, 546 (W.D.N.C. 2009)

(acknowledging that attorneys may delegate filing to assistants, but still retain the

ultimate responsibility to ensure proper and timely filing); *Stanley Water Septic Tank*

*Cleaning, LLC v. Mack Trucks Inc.*, No. 12-C-0317, 2015 WL 1932059, at *4 (E.D. Wis.

Apr. 28, 2015) (same).  Similarly, the error committed here may well have happened to a

majority of paralegals dealing with CM/ECF filing protocols for the first time, and likely

an even greater percentage of attorneys, the court's empathy is also not to be factored

into the determination of equitable tolling.[5]  *See Baldwin Cty. Welcome Ctr. v. Brown*, 466

U.S. 147, 152 (1984) ("Procedural requirements established by Congress for gaining

access to the federal courts are not to be disregarded by courts out of a vague sympathy

for particular litigants.").  That is not to say that a plaintiff who misses the filing deadline

due to unremarkable errors committed by her counsel is always without recourse.  As the

Seventh Circuit has explained repeatedly, however, "[t]he remedy is not continued

litigation against defendants, who are entitled to stand on their right to dismissal when

the plaintiff does not file a timely suit; the remedy is a malpractice action against the

lawyer whose negligence is responsible for the problem."  *Lee v. Cook Cty., Ill.*, 635 F.3d

---

[5] To the contrary, courts applying this Circuit's reading of equitable estoppel have consistently taken seriously the notion that equitable tolling is to be applied only under exceptional circumstances.  *See, e.g., Carpenter*, 840 F.3d at 872-73 (Seventh Circuit affirming district court's denial of petition for habeas corpus as untimely because equitable tolling is not available when an incarcerated plaintiff faces obstacles no more severe than commonly faced by other prisoners or lacks a health problem "severe enough to actually prevent timely filing"); *Hines v. Serv. Corp. Int'l*, No. 08 C 856, 2008 WL 2692033, at *3 (N.D. Ill. July 1, 2008) (citing cases in which family and medical emergencies did not justify equitable tolling, even when faced by *pro se* plaintiffs).

969, 973 (7th Cir. 2011); *see also Farzana K. v. Ind. Dept. of Educ.*, 473 F.3d 703, 705-06 (7th Cir. 2007) ("If counsel blundered to his client's prejudice, the remedy is malpractice litigation against the culprit, not the continuation of litigation against an adversary who played no role in the error.").

Certainly, all other factors would support equitable tolling, since plaintiff did everything else right, appears to have a strong case *and* the government has little or no basis to claim repose, having been repeatedly put on notice of plaintiff's intent to pursue the claim dating back roughly a year before the statute of limitation ran and again 6 days after it ran, when plaintiff completed filing. Tempted though this court is, therefore, to extend the holding in *Farzana* to the facts here -- perhaps with an admonition that future parties and counsel should not expect similar leniency going forward now that CM/ECf filing is common place -- the court concludes that plaintiff's case must be dismissed under the current case law in this Circuit for all the reasons explained above.[6]

ORDER

IT IS ORDERED that:

1) Defendant's motion to dismiss (dkt. #5) is GRANTED after conversion to a motion for summary judgment under Fed. R. Civ. P. 12(d).

2) Defendant's motion to stay discovery (dkt. #13) is DENIED as moot.

---

[6] Alternatively, the Seventh Circuit might deem the creation of a temporary record of the complaint on the court's server as a "filing," however temporary for purposes of tolling, which this court cannot find its way to do under current Circuit case law.

3) The clerk of court is directed to enter judgment in favor of defendant and close this case.

Entered this 19th day of June, 2017.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge